Dear Ms. Harris:
You ask if the Chairman of the East Baton Rouge Parish Republican Executive Committee may also hold the elective office of East Baton Rouge Parish Metro Council Member and additionally serve as appointee to the East Baton Rouge Parish Board of Election Supervisors.
Pursuant to R.S. 18:423(C)(1), the chairman of the parish executive committee of each recognized political party must be appointed as member of the parish board of election supervisors.[1]
Although the position as member of a party parish executive committee is provided for as an elective office in the Louisiana Election Code, R.S. 18:444,[2] for the purposes of the Louisiana Dual Officeholding Law, R.S. 42:61, et seq., Section42:62(1) defines "elective office" and specifically excludes all political party offices from that definition.[3] Thus, the question becomes whether an elected member of the Metro Council may also *Page 2 
hold the part-time appointive office of member of the parish board of elections supervisors.
R.S. 42:63(D) prohibits only the holding of an elective office and a full-time appointive office, but does not prohibit one from holding elective office and a part-time appointive office.[4] The application of the dual-officeholding laws alone does not prohibit the holding of the positions here under consideration.
However, note that R.S. 42:66(D) requires review of any home rule charter provisions which might be applicable, as the statute provides:
 (D). Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
The City-Parish of East Batön Rouge is governed by a home rule charter, which states in Section 2.03:
SECTION 2.03
Qualifications
 The members of the Metropolitan Council elected from single member districts with the terms of office to commence on January 1, 1985, shall be qualified voters of the Parish and of the district and shall be a resident of the district from which each is elected. No member of the Metropolitan Council or the Mayor-President shall, while he holds such office, hold any *Page 3 other office of profit under the United States, the State of Louisiana or any political subdivision thereof, except that of notary public or an office of the National Guard or the military or Naval Reserve in the United States. No such member shall, during the term for which he was elected and two years thereafter, be appointed to any office of profit under the Parish of East Baton Rouge or the City of Baton Rouge, or any unit of local government therein. If any of them shall cease to possess the qualification above required, his office shall at once become vacant. (Emphasis added).
Each member of the parish election supervisory board receives the compensation as set forth in R.S. 18:423(E):
 (E). Compensation. Each member of the parish board of election supervisors shall receive fifty dollars for each day, not to exceed six days, actually spent in the performance of his duties in preparing for and supervising each election held in the parish. In addition, each member of the board who is not a public official shall receive fifty dollars for each day spent in court as a subpoenaed witness in litigation concerning the performance of his duties as a member of the parish board of election supervisors in connection with an election.
The compensation provided a parish election supervisory board member is more in the nature of a per diem and does not constitute holding another "office of profit" as contemplated by Section 2.03. Thus, we conclude that an elected member of the Metro Council is not prohibited from holding the part-time appointed office of member of the parish elections supervisory board.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
[1] R.S. 18:423(C)(1) states:
C. (1) Composition. In each parish, the board of election supervisors shall be composed of the registrar of voters, the clerk of court, the chairman of the parish.
[2] R.S. 18:444(A) (B) state:
A. Qualifications of members. A member of a parish executive committee of a recognized political party shall meet the qualifications established by the rules and regulations of the state central committee of that recognized political party. The qualifications for membership on parish executive committees of a recognized political party shall be uniform throughout the state.
B. Election and term. (1) Members of a parish executive committee of a recognized political party shall be elected every four years at the same time as the presidential preference primary election. The term of office shall not extend beyond the time for which the member was elected. Notwithstanding this provision, members elected in 1991 shall serve until their successors are chosen.
[3] R.S. 42:62(1) states:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[4] R.S. 42:63(D) states:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
 * * *
"Part-time" and "full-time" are defined in R.S. 42:62(4) and (5) as:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.